### BELDING v. WILLARD et al.

(Circuit Court, D. Minnesota. June 17, 1893.)

#### No. 94.

GUARDIAN AND WARD—SALE OF WARD'S REALTY.

A man died, leaving real and personal property in Minnesota, and, upon proper proceedings had, the probate court of the county wherein it was situated appointed a guardian for his minor heirs, resident, with their mother, in Wisconsin. The guardian presented a petition averring that the sale of the realty was necessary for the support and education of the minors, and praying license to sell at private sale. The court ordered that notice of the petition be given directly to persons interested residing within the state, and by publication to nonresidents. This was done, in full compliance with the law. License to sell privately was granted. The sale was made and confirmed, and the guardian executed deeds to the purchaser. *Held*, that this divested all the interest of the minors in the property, and their quitclaim deed, subsequently executed, vests nothing in the grantee therein.

At Law. Ejectment by Leslie A. Belding against John A. Willard and George F. Piper. Judgment for defendants.

J. W. Bull, for plaintiff.

J. L. Washburn and W. W. Billson, for defendants.

NELSON, District Judge. This is an action of ejectment to recover an undivided two-sevenths of the S. ½ of the S. E. ¼ of section 29, township 50, range 14, situated in St. Louis county, in this district. The plaintiff's title rests upon a quitclaim deed from Godfrey F. Burg and wife and John Peter Burg, dated July 14, 1891, and duly recorded. The defendants claim to be the owners through a guardian's sale made in 1872, and approved by the probate court of St. Louis county July 11, 1872. To sustain the plaintiff's title, an attack is made upon the proceedings in the probate court of St. Louis county, appointing a guardian, and the subsequent proceedings, culminating in a sale of the property in controversy. The plaintiff is entitled to a judgment in his favor unless the proceedings before the probate court passed the title. All objections by plaintiff's counsel to the evidence offered are overruled.

## Special Facts Found.

The facts found are that John Peter Burg and Godfrey Frederick Burg were the only minor heirs of John Peter Burg, the elder, who died seised of an estate embracing the land in controversy, and that the undivided two-sevenths of the quarter section sought to be recovered in this action was inherited by them. That Catharine Burg, the widow of John Peter Burg, deceased, was the mother of the minors, with whom they resided in Wisconsin, and on March 23, 1872, a petition was presented and filed in the probate court of St. Louis county, Minn., in the matter of the estate of John Peter Burg, stating that he left personal property, and two minor heirs, residing with their mother, in Wisconsin, naming them as Peter Burg, age about 7, and Godfrey Burg, age about 9; and John Mallman was duly appointed, on the same day, by the probate court, the guardian of the minors, and letters of guardianship duly issued to him. That on April 18, 1872, a petition in the matter of the estate of John Peter Burg was presented by the guardian, appointed as aforesaid, to the probate court, in which it is stated that he "is the guardian of Peter Burg and Frederick Burg, and that it is necessary to sell the undivided 2-7 of the south half of the southeast quarter (S. ½ of S. E. ¼) of section twenty-nine, (29,) township fifty, (50,) range fourteen, (14,) owned by them, for their support and education, and license to sell at private sale is prayed; and on the same day it is ordered and directed by the probate court that the next of kin to said wards, and all persons interested, appear before the court and show cause on Saturday, May 25, 1872, why a license should not be granted for the sale thereof, as prayed for; and it is further ordered that notice of such hearing be given all persons interested by publication of this order for four successive weeks, (the last publication to be at least fourteen days before said day of hearing,) in the Duluth Minnesotian, a weekly newspaper printed in St. Louis county, and by serving a copy of this order personally on each interested person resident in this state fourteen

days prior to the day of hearing as aforesaid, and by forthwith mailing a copy hereof to the address of each interested person nonresident in this state." I further find that the order was published as directed, the first publication appearing in the newspaper April 20, 1872, and the last publication on May 11, 1872, and copies of the order were served on Catharine Mallman and one Herman Burg, being the only interested parties residing in the state of Minnesota, and that on or about April 25, 1872, copies were mailed to all the parties interested, nonresident of the state. The interest of the minors was sold at private sale, and the same confirmed, and deeds of conveyance given by the guardian, and the defendants have the title which the purchaser took under the guardian's sale and deed.

### Conclusion.

That this plaintiff take nothing by this action, and that the defendants have judgment against the plaintiff for costs; and it is so ordered.